IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 25 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JEROME D. BROWN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-632-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| Texas Department of Criminal | § | |
| Justice, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Jerome D. Brown is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On September 7, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that petitioner file objections, if any, thereto by September 28, 2006. On September 18, 2006, petitioner filed a document titled "Petitioner's Opposition to Findings, Conclusions and Recommendation of the United States Magistrate" (hereinafter, "Response").

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings or recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court is not addressing any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Petitioner appears to make only one specific objection. He "denies the criteria and the procedures used by the Magistrate Judge in determining the instant petition as a second or successive that requires authorization under 28 U.S.C. § 2244(b)(3)(A)." Response at 2. Specifically, petitioner urges that "it is not automatic from the Supreme Court interpretation of the term 'second or seccessive [sic]' that a prisoner first seek pre-filing authorization under 28 U.S.C. § 2244(b) before filing in Federal District Court...." <u>Id</u>. at 4. According to petitioner, if the court finds that his current petition contains claims that were not available when he filed his original petition, then his current petition should not be categorized as "second or successive" and is thus not subject to the requirements of § 2244(b)(3)(A). <u>Id</u>. at 4-5. The authority

2

relied upon by petitioner in making this assertion, however, does not support such a proposition. Id. at 3-5 (citing Slack v. McDaniel, 529 U.S. 473 (2000)). In Slack, the court held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition. Slack v. McDaniel, 529 U.S. at 485-86 (emphasis added). Here, petitioner's initial habeas petition was dismissed as time barred, not for failure to exhaust state remedies. Thus, petitioner's reliance on Slack is misplaced and his argument that his petition is not "successive" under § 2244 is without merit. Indeed, the court concurs with the magistrate judge that, without leave from the Fifth Circuit to file a successive petition, this court is without jurisdiction over this matter. See, e.g., 28 U.S.C. § 2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651, 664 (1996).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the

3

petition in this action be, and is hereby, dismissed without prejudice.

    SIGNED September 25, 2006.

                                JOHN McBRYDE
                                United States District Judge